IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN J. WHITCHER,                          2:15-cv-00393-BR

        Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

        Defendant.


TIM D. WILBORN
Wilborn Law Office. P.C.
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

        Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1011

**DAVID MORADO**
Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104
(206) 615-3705

       Attorneys for Defendant


**BROWN, Judge.**

Plaintiff Shawn J. Whitcher seeks judicial review of a final decision of the Commissioner, Social Security Administration (SSA), in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act and Supplemental Security Income (SSI) under Title XVI of the Act.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a thorough review of the record, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter for further administrative proceedings consistent with this Opinion and Order.


## ADMINISTRATIVE HISTORY

Plaintiff filed his applications for DIB and SSI on November 21, 2011. Tr. 223.[1] His applications were denied

_____

[1] Citations to the official transcript of record filed by the Commissioner on October 8, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on September 10, 2013.  Tr. 29.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 29.

The ALJ issued a decision on October 30, 2013, in which he found Plaintiff is not entitled to benefits.  Tr. 14-24.  That decision became the final decision of the Commissioner on January 9, 2015, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on December 19, 1976; was 36 years old on the date of the hearing; and has a high-school diploma with some college.  Tr. 32, 182.  Plaintiff has prior relevant work experience as a prep cook, irrigation-system installer, truck driver, and firefighter.  Tr. 22.

Plaintiff alleges disability since April 16, 2011, due to "neck, shoulder, and back injuries," "limited mobility in right ankle," and "learning disability."  Tr. 185, 191.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 16-22.

3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,

4 - OPINION AND ORDER

resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## <u>DISABILITY ANALYSIS</u>

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser,* 648 F.3d at 724.

5 - OPINION AND ORDER

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a

day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser,* 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational

Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since April 16, 2011, his alleged onset date.  Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of right-ankle fracture and degenerative disc disease.  Tr. 16-18.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 18-19.  In his assessment of Plaintiff's RFC the ALJ found Plaintiff has the functional capacity to perform a range of light work in which Plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently, can walk and/or stand for two hours out of an eight-hour day, and can sit for six hours in an eight-hour day.  In addition, the ALJ found Plaintiff is limited to occasional use of foot controls with the lower-right extremity; can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; can frequently balance, crouch, and kneel; and should avoid even moderate exposure to hazards such as

8 - OPINION AND ORDER

unprotected heights and dangerous machinery.  Tr. 19-22.

At Step Four the ALJ found Plaintiff is unable to perform his past relevant work as a prep cook, irrigation-system installer, truck driver, and firefighter.  Tr. 22.

At Step Five, however, the ALJ found Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including work as a document scanner.  Tr. 23-24.

Accordingly, the ALJ found Plaintiff is not disabled and is not entitled to benefits.  Tr. 24.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly omitted Plaintiff's mental conditions at Step Two of the sequential evaluation and in his assessment of Plaintiff's RFC; (2) failed to provide legally sufficient reasons for rejecting Plaintiff's testimony; (3) failed to provide legally sufficient reasons for rejecting lay-witness testimony; and (4) relied on VE testimony that contradicted the Dictionary of Occupational Titles without explaining the deviation.

## I.  Step Two

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc.*

*Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20
C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.,*
648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment
"significantly limits" a claimant's "physical or mental ability
to do basic work activities."  20 C.F.R. §§ 416.921(a), (b).
Such abilities and aptitudes include walking, standing, sitting,
lifting, pushing, pulling, reaching, carrying, handling, seeing,
hearing, and speaking; understanding, carrying out, and
remembering simple instructions; using judgment; responding
appropriately to supervision, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if
> it is a slight abnormality which has such a minimal
> effect on the individual that it would not be expected
> to interfere with the individual's ability to work
> . . . .  [T]he severity regulation is to do no more
> than allow the Secretary to deny benefits summarily to
> those applicants with impairments of a minimal nature
> which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).
*See also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)(at
Step Two the court "must determine whether the ALJ had
substantial evidence to find that the medical evidence clearly
established that Webb did not have a medically severe impairment
or combination of impairments.").

Any error in failing to designate specific impairments as

10 - OPINION AND ORDER

severe at Step Two is harmless if the ALJ, nonetheless, analyzes the effects of the impairments when considering Plaintiff's RFC. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

With respect to the "paragraph B" criteria at Step Two, "the claimant must produce evidence of at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration." *Wilson v. Comm'r Soc. Sec. Admin.*, No. 6:14-cv-01326-HZ, 2015 WL 5919881, at *5 (Oct. 8, 2015). Accordingly, the court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established" the plaintiff did not meet the "paragraph B" criteria. *Webb*, 433 F.3d at 687.

The ALJ declined to include any mental limitations at Step Two because he concluded Plaintiff did not meet the "paragraph B" criteria of § 12.00C of the Listing of Impairments. *See* 20 C.F.R. part 404, subpart P, appendix 1. The ALJ specifically found Plaintiff did not have any limitations in his activities of daily living; mild limitation in social functioning; mild limitation in concentration, persistence, and pace; and no episodes of decompensation.

To support the finding that Plaintiff does not have any severe mental impairments, the ALJ relied on the evaluation of

Robert Patterson, Ed.D., in which Dr. Patterson noted in a mental-status examination that Plaintiff presented as "logical and coherent" and was able to "attend and concentrate quite well." Tr. 645. Dr. Patterson opined: "[I]t does not appear that [Plaintiff] can be considered to have a learning disability." Dr. Patterson noted Plaintiff demonstrated average skills in general language, reading, and written expression, and weaknesses in "short-term auditory and visual memory" and some mathematics. Tr. 648.

Aside from the brief observations during the mental-status examination, however, Dr. Patterson did not conduct a comprehensive psychological examination, and his assessment focused on Plaintiff's intellectual and academic functioning. Tr. 644-49. There is, however, evidence in the record both before and during the alleged period of alleged disability that Plaintiff suffered from depression, anxiety, and social and thought disorders. *See, e.g.*, Tr. 406, 416, 418, 420, 579, 650-51, 654. Dr. Patterson's opinion that Plaintiff does not have a learning disability, therefore, does not support the ALJ's conclusion that Plaintiff is not suffering from other mental impairments. In fact, in light of other evidence in the record that Plaintiff suffers from depression, anxiety, and social and thought disorders, the ALJ's finding that "the medical evidence clearly established" that Plaintiff did not meet the "paragraph

12 - OPINION AND ORDER

B" criteria for any mental impairment is not supported by the record.

The Court, therefore, concludes on this record that the ALJ erred when he failed to include any mental impairments at Step Two.

## II.  **Plaintiff's Testimony**

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742,

13 - OPINION AND ORDER

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834
(9th Cir. 1995)).  General assertions that the claimant's
testimony is not credible are insufficient.  *Id*.  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81
F.3d at 834).

At the hearing Plaintiff testified he was having
considerable difficulty keeping up in the college courses that he
was taking and had failed several courses despite classroom
accommodations.  Tr. 33.  Plaintiff stated he did not "deal with
people well" in his previous work, and he could not learn
workplace operations like how to work cash registers.  Tr. 40.
Plaintiff testified he has a "horrible memory," depression, and
anxiety and that he has difficulty with verbal instructions but
does better with written instructions.  Tr. 46-47.  Plaintiff
also testified he has difficulty relating to people and does not
"associate with people anymore."  Tr. 48.

In addition, Plaintiff testified he suffers from back pain
as a result of having some vertebrae fused and suffering a back
injury in 2008.  Tr. 34-35.  Moreover, Plaintiff stated he must
walk with a cane as a result of a severe right-ankle injury
suffered in 2011, and, as a result, he can only walk for
approximately one-and-a-half blocks and stand for approximately
30 minutes before resting.  Tr. 41-42.  Plaintiff also testified

14 - OPINION AND ORDER

he has difficulty sitting because of his back pain and cannot drive as a result of his ankle injury.  Tr. 43.

In his Adult Function Report dated February 16, 2012, Plaintiff reported he can no longer walk, run, ride a bike, stand for long periods of time, lift or carry items, or play sports, and he is not mobile as a result of his limitations.  Tr. 237. Plaintiff stated he experiences a variety of limitations in his daily living as a result of his ankle and back limitations, including difficulty with dressing, bathing, and cooking meals. Tr. 237-38.  Plaintiff reported he cannot do any yard work and requires assistance with many of his household chores.  Tr. 238. Plaintiff indicated his conditions affect his ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, use his hands, complete tasks, concentrate, and get along with others.  Tr. 241.  Plaintiff reported he can walk approximately two blocks before requiring rest and can pay attention for between 15 and 30 minutes.  Tr. 241.  Plaintiff further stated "sitting for a long time can cause cramps."  Tr. 244.

The ALJ discredited Plaintiff's testimony because the objective evidence regarding Plaintiff's mental-health limitations and ankle limitations do not support Plaintiff's contention that he cannot return to light work.  In addition, the ALJ discounted Plaintiff's testimony because Plaintiff discontinued mental-health treatment.  Tr. 17, 18, 22.

The Court, however, concludes these reasons are not legally sufficient reasons to reject Plaintiff's testimony.  For example, Plaintiff's ankle limitations are not fundamentally inconsistent with his testimony.  The evidence is clear that Plaintiff suffered a serious ankle injury and that he was not expected to make a full recovery after surgery.  In addition, the record contains some evidence (both objective and subjective) that Plaintiff suffers from mental-health limitations.  Although Plaintiff's stated mental limitations may be arguably greater than those limitations supported by the medical record, the ALJ's finding that there was not any objective evidence of mental impairment is incorrect.  Finally, although Plaintiff terminated mental-health treatment in February 2013, he re-entered treatment in July of that year.  Tr. 660-61.

On this record, therefore, the Court concludes the ALJ erred when he failed to provide legally sufficient reasons for rejecting Plaintiff's testimony.

### III. Lay-Witness Testimony

Plaintiff contends the ALJ erred by failing to provide any reasons for rejecting the lay-witness testimony of Dr. Kami Fischbach (Plaintiff's math professor), Joe Parsley (Plaintiff's math tutor), Doris Stusiak (the Director of Disability Services at Northern State University), Britt M. Loren (the "TRiO SSS Program Director" at Northern State University), and Joshua

Frachiseur (Plaintiff's theater professor).  Tr. 287-92.

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Nevertheless, an ALJ is not required to address each lay-witness statement or testimony on an "individualized, witness-by-witness-basis.  Rather if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012)(quotation omitted).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*, 493 Fed. App'x 866 (9th Cir. 2012).

The letters written by Dr. Fischbach, Parsley, Stusiak, Loren, and Frachiseur appear to have been originally submitted to Northern State University in May 2013 for purposes of an appeal

17 - OPINION AND ORDER

to reinstate Plaintiff's financial-aid eligibility.  Tr. 284-93.
The letters describe Plaintiff's functioning in the classroom
setting and his ability to keep up with his college courses.
The ALJ did not address any of the letters submitted to Northern
State University.  Moreover, the Court does not find this error
is harmless because the ALJ did not assign any limitations based
on Plaintiff's mental impairments when he assessed Plaintiff's
RFC.

On this record, therefore, the Court concludes the ALJ erred
when he failed to consider the lay-witness testimony.

## IV.  **Step Five**

Finally, Plaintiff contends the ALJ erred when he relied on
testimony from the VE that varied from the DOT without
explanation.  In particular, Plaintiff contends the ALJ erred
when he relied on the VE's testimony that Plaintiff could perform
jobs that fall within the range of light work even though the ALJ
found Plaintiff can only stand or walk for two hours per day,
which represents a degree of functioning less than is generally
required to perform light work.

Although the DOT is presumptively authoritative regarding
job classifications, the presumption is rebuttable.  *Johnson v.
Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  "[A]n ALJ may rely
on expert testimony which contradicts the DOT, but only insofar
as the record contains persuasive evidence to support the

18 - OPINION AND ORDER

deviation." *Id.* Thus, before he may rely on the VE's testimony, an ALJ "must first determine whether a conflict exists." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). In accordance with SSR 00-4p, the ALJ must ask the VE whether his testimony is consistent with the DOT. *Id.* at 1152-53. If "there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict." SSR 00-4p. *See also Massachi v. Astrue*, 486 F.3d at 1153-54.

Each of the occupations that the VE provided in his testimony and that the ALJ relied on to carry the Commissioner's burden at Step Five are classified as "light work." Tr. 65. After the ALJ spelled out his findings regarding Plaintiff's RFC in a hypothetical question to the VE and after the VE responded that Plaintiff would be able to perform the work that the ALJ ultimately accepted, the ALJ asked the VE whether his testimony was consistent with the DOT. Tr. 65-66. The VE responded that his testimony was consistent with the DOT. Tr. 66. The ALJ then followed up as follows: "Now the DOT doesn't, doesn't break down light jobs between the lifting and sitting or standing requirements, do they?" Tr. 66. The VE responded: "That's correct. I should have; [*sic*] however, mentioned that I've had a chance to observe these workers doing these jobs and so that part of my testimony is based on my professional experience in the

19 - OPINION AND ORDER

field." Tr. 66.

Although the exchange between the ALJ and the VE is not optimally clear, the VE's testimony, considered as a whole, indicates Plaintiff may not be able to satisfy the full requirements of light work generally, but he could, nonetheless, perform those jobs identified by the VE based on the VE's professional experience observing those occupations in the workplace. The VE's explanation, therefore, is reasonable as to why his testimony varied somewhat from the occupational description in the DOT. The Court, therefore, finds the ALJ did not err when he relied on the VE testimony.

Nonetheless, because the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence in the record for the reasons stated above, the Court concludes the ALJ erred at Step Five.

**V.    <u>Remand</u>**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635

F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).  The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine whether a claimant is disabled under the Act.  *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not any outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited.

*Id.*  The reviewing court should decline to credit testimony when "outstanding issues" remain.  *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

When the reviewing court finds the elements of the "credit-as-true" rule have been satisfied, however, the court may only remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled."  *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Although the "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, it leaves the court with the flexibility to determine whether to enter an award of benefits upon reversing the Commissioner's decision.  *Connett v. Barnhart,*

340 F.3d 871, 876 (9th Cir. 2003)(citing *Bunnell v. Sullivan*, 947 F.2d 871 (9th Cir. 1991)(*en banc*)).

The Court concludes there are outstanding issues that remain unresolved before a determination of disability can be made. For example, the ALJ must determine the extent of Plaintiff's limitations based on his mental impairments. Moreover, the ALJ must determine the effect the testimony of Plaintiff and the lay witnesses have on the ALJ's assessment of Plaintiff's RFC, including Plaintiff's mental impairments.

Accordingly, on this record the Court remands this matter to the Commissioner for further proceedings consistent with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 4th day of February, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

22 - OPINION AND ORDER